UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


JENNIFER CLEVENGER,            :
                               :    NO. 1:12-CV-00432
        Plaintiff,             :
                               :
                               :
    v.                         :    **OPINION & ORDER**
                               :
                               :
OFFICER RAKER, et al.,         :
                               :
        Defendants.            :


This matter is before the Court on Defendant Hamilton County's Motion to Dismiss (doc. 8), Plaintiff's response in opposition thereto (doc. 20), and Defendant Hamilton County's reply in support thereof (doc. 23). For the following reasons, the Court GRANTS Defendant's motion.

I.  **Background**

In her complaint, Plaintiff Jennifer Clevenger, nee Grote, alleges that Defendant Cincinnati Police Officer Raker erroneously wrote Plaintiff's personal identifiers on the paperwork submitted to the grand jury as part of a criminal investigation into the activities of a different woman named Jennifer Grote (doc. 1). The grand jury received the information about "Jennifer Grote" from the report faxed by Officer Raker, which was presented to the grand jury by a

reader. The Hamilton County grand jury returned an indictment charging Plaintiff with the crime that should have been charged against the other Jennifer Grote. Plaintiff was arrested and detained, and the charges against Plaintiff were dropped when it became apparent that the identities of the two Jennifers had been conflated.

Pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, Plaintiff set forth in her complaint claims for unlawful arrest/seizure, malicious prosecution, and "political subdivision liability", and she named Officer Raker, the City of Cincinnati, and "Hamilton County, OH" as defendants (Id.).

Defendant Hamilton County moves to dismiss the complaint as against it on the following bases: (i) the only County actor alleged to have committed any wrong-doing is the grand jury, which is protected by Eleventh Amendment immunity; (ii) the complaint fails to state a claim for relief because a grand jury is legally permitted to return an indictment on the basis of hearsay; (iii) the complaint fails to state a claim for relief because, at most, it sets forth allegations supporting a claim of negligence against Officer Raker but does not set forth facts supporting an inference that Hamilton County's action was taken with deliberate indifference to its known or obvious

consequences; the complaint fails to state a claim for relief because Plaintiff did not allege facts supporting an inference that her injuries resulted from a governmental custom, policy or practice; the complaint fails to state a claim for relief because Plaintiff did not allege facts supporting an inference that a Hamilton County policy was the moving force behind her injuries (doc. 8).

Defendant's motion is ripe for the Court's consideration.

## II. Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint. The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, *Twombly*, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading

-4-

requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint…must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988).

**III. Discussion**

As an initial matter, Plaintiff misstates the applicable standard on a motion to dismiss. In her response, she states that the Court must "determine whether Clevenger can

prove any set of facts that entitles her to relief" (doc. 20, citing Jackson v. Richards Medical Co., 961 F.2d 575 (6th Cir. 1992)). This "any set of facts" standard was expressly abrogated by the United States Supreme Court in 2007 in its Twombly decision. See Twombly, 550 U.S. at 561-62. As noted above, the Court must instead determine whether Plaintiff has set forth sufficient "factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie, 577 F.3d at 629-30.

As applied against Defendant Hamilton County, Plaintiff has not met this standard. Plaintiff contends that her complaint does not state a claim against the grand jury but, instead, against the "County", which "maintains a policy-and-custom that grand-jury readers present all facts to the grand jurors" (doc. 20). She insists that her complaint alleges that "it is the City and County's general and current policy to employ grand-jury readers" (Id.). She essentially argues that the County's policy of using grand-jury readers creates a foreseeable risk for an unconstitutional arrest because, according to Plaintiff, having only a reader present the officer's report "ensure[s] that no grand jury could ever investigate probable cause for identity because the reader would always be limited to the report that was supplied by someone

else" (Id.).

Plaintiff's complaint fails to state a claim for relief against the County because, inter alia, it does not identify a county official or entity responsible for establishing the policy of having readers present information to the grand jury. As Defendant notes, the only County entity remotely implicated in the complaint is the grand jury, which Plaintiff concedes is immune from suit. Absent facts alleging who is responsible for the policy at issue, the complaint fails because it does not set forth a plausible claim.

**IV. Conclusion**

Because Plaintiff's complaint fails to set forth sufficient factual allegations from which the Court can infer a plausible claim for relief, Defendant Hamilton County's motion to dismiss is GRANTED.

SO ORDERED.

Dated: November 1, 2012 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge